UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JUNE RILEY,

      Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

      Defendant.
_____/

# COMPLAINT
## JURY DEMAND

1. Plaintiff, JUNE RILEY, alleges violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, §559 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

4. Plaintiff, JUNE RILEY (hereinafter, "Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5. Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 670 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6. Plaintiff is the regular user and owner of the subject cellular telephone.

1

7. Plaintiff is a "consumer" as defined in Florida Statute §559.55(2).

8. Defendant, OCWEN LOAN SERVICING, LLC (hereinafter "Defendant"), is a Florida corporation with its principle place of business located at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

9. Defendant is registered with the Florida Department of State Division of Corporations as a foreign corporation and its registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

10. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

11. Defendant attempted to collect alleged debts arising from transactions primarily incurred for personal, family or household purposes from Plaintiff. Specifically, Defendant attempted to collect monies from Plaintiff concerning a mortgage and note.

12. As described herein, Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiffs' cellular telephone several times per day, with such frequency as can reasonably be expected to harass, in an effort to collect an alleged debt.

13. Plaintiff received between two to five calls per day to her cellular telephone from Defendant in an effort to collect the alleged debt at issue.

14. Upon answering many of these calls, Plaintiff was greeted either by an automated machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

15. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an

automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14091-92 (2003).

16.     Plaintiff's damages were caused by and directly related to Defendant's attempts to collect a debt by using an automatic telephone dialing system or predictive dialer to call Plaintiff's cellular telephone.

17.     As a result of the aforementioned calls, Plaintiff suffered an invasion of her privacy. Plaintiff was affected in a personal and individualized way by stress, anxiety, embarrassment, and aggravation due to Defendant's calls. Further, Defendant's calls resulted in expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while being called by Defendant, and trespass upon Plaintiff's chattel.

18.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

19.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

20.     Plaintiff incorporates Paragraphs 1 through 19 herein.

21.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including §559.72, Florida Statutes.

22.     Defendant engaged in an act or omission prohibited under §559.72(7), Florida Statutes, by willfully engaging in conduct, which can reasonably be expected to harass or abuse the Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a) Statutory Damages;

    b) Actual Damages;

    c) Punitive Damages;

    d) Attorney's fees, litigation expenses and costs of suit; and

    e) Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates Paragraphs 1 through 19 herein.

24. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or a pre-recorded or artificial voice in violation of 47 U.S.C. §227(b)(1)(A)(iii).

25. Defendant violated the TCPA with respect to telephone calls made to Plaintiff's cellular telephone with an automatic dialing system without consent.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a) $500.00 dollars in statutory damages for each violation of the TCPA over the last four years;

    b) $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c) a declaration that Defendant's calls violate the TCPA;

    d) a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an

    automatic telephone dialing system or pre- recorded or artificial voice;

e) litigation expenses and costs of the instant lawsuit; and

f) such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

        Respectfully submitted,

        By:/s/ *Christopher Legg*
        Christopher Legg, Esq.
        *Attorney for Plaintiff*
        Florida Bar No. 44460

        CHRISTOPHER W. LEGG, P.A.
        3837 Hollywood Blvd., Ste. B
        Hollywood, FL 33021
        Telephone: 954-962-2333
        Facsimile: 954-927-2451
        ChrisLeggLaw@gmail.com


        By:/s/ *Jennifer Harley*
        Jennifer T. Harley, Esq.
        *Attorney for Plaintiff*
        Florida Bar No.: 962821

        LEGAL AID SERVICE OF
        BROWARD COUNTY, INC.
        491 N. State Road 7
        Plantation, FL 33317
        Telephone: 954-736-2488
        Facsimile: 954-736-2484
        jharley@LegalAid.org